WERNER v. WERNER.

1. MORTGAGES—FORECLOSURE—PAYMENT—EVIDENCE.

Record in suit by former husband to foreclose mortgage of premises wife had given to him pursuant to decree of divorce *held*, to support findings of trial court that payment had been effected by furnishing of board, room and other services and that plaintiff had not substantiated his claim of any indebtedness to him for anything over and above the amount of the mortgage-secured note and interest, hence denial of foreclosure was correct.

2. SAME—FORECLOSURE—DECREE—PAYMENT—RECORDING.

The failure of the trial. court, in denying foreclosure of mortgage that had been given to plaintiff by defendant, his former wife, pursuant to decree of divorce, to provide affirmatively that the mortgage indebtedness had been paid in full and that the mortgage should be cancelled and discharged *held*, not ground for foreclosure, where defendant had denied that the mortgage had not been paid, hearing was had primarily on that issue and proceeding is disposed of by requiring inclusion of provision to that effect and for recording of decree.

3. COSTS—MORTGAGES—FORECLOSURE.

No costs are allowed upon denial of relief to plaintiff in suit to foreclose a mortgage, brought by mortgagee, who was the former husband of the mortgagor and which mortgage was a part of the property settlement of the parties in suit for divorce.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 7, 1959. (Docket No. 13, Calendar No. 47,875.) Decided November 24, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am Jur, Mortgages, § 427 *et seq.*; 37 Am Jur, Mortgages § 535.

Bill by Albert Werner against Minnie Werner to foreclose mortgage. Cross bill asserting claim for services. Bill and cross bill dismissed. Plaintiff appeals. Modified to provide for discharge of mortgage, and affirmed.

*Skinner & Joseph,* for plaintiff.

*Edward Van Kinkle (Baer, Mainprize & Parker,* of counsel), for defendant.

Carr, J. This is a suit in equity instituted by the plaintiff for the purpose of foreclosing a mortgage. It appears that the parties were divorced on March 13, 1953, the decree being granted to the defendant. Prior thereto a property settlement had been entered into in accordance with which defendant was to receive certain real estate, including the home of the parties. The settlement, in substance, was incorporated in the decree of divorce, which provided that plaintiff was to receive the sum of $3,000, payable $500 on or before March 15, 1953, and the balance at the rate of $50 or more per month thereafter, with interest. In accordance with the provisions of the decree defendant executed a promissory note to plaintiff in the sum of $2,500, secured by a mortgage on the property that had been previously occupied as the home. No payments were made after the initial amount specified. At the time the case was tried in circuit court, June 17, 1958, the total amount of the indebtedness, including interest, was $3,131.25. This proceeding to foreclose the mortgage was instituted March 5, 1957.

In her answer to the bill of complaint filed by plaintiff, defendant admitted the execution of the mortgage but denied plaintiff's allegation that the indebtedness had not been paid. She filed a cross-bill in connection with her answer alleging that sub-

sequent to the divorce she had provided board and room, as well as other services, to the plaintiff, and that the reasonable value thereof was $3,420. She did not in her cross-bill specifically request that the amount so claimed should be set off against the debt, but made a plea for equitable relief.

On the hearing of the cause defendant offered proofs in support of her cross-bill with reference to the rendition of the services for which she alleged she was entitled to compensation. Plaintiff admitted that services of the character mentioned were rendered to him, but the parties were in dispute as to the length of time that plaintiff stayed in defendant's home subsequent to the divorce and prior to the bringing of the foreclosure suit. Defendant claimed that the aggregate time that plaintiff boarded and roomed in her home was approximately 137 weeks. Plaintiff, in his answer to the cross-bill and in his testimony, admitted that he had been furnished board and room and other services by defendant for about 40 weeks. Plaintiff further claimed, as a witness in his own behalf, that he had worked for defendant at her request, that, generally, he had performed numerous tasks about the home, that he had constructed 450 feet of fence, and had done some painting and similar work. He also claimed that he had purchased half of the groceries used while living in defendant's home. To a limited extent plaintiff's claim that he had worked about the home was corroborated by his witnesses. Defendant denied that plaintiff had rendered any appreciable services to her, and further denied that he had purchased any groceries for the use of the parties while living in her home. Her testimony was corroborated in many respects by that of the daughter and son-in-law of the parties.

After listening to the testimony the trial judge rendered an opinion in which he commented on the unsatisfactory nature of the proofs and concluded

that the ends of justice would be best served by dismissing both the bill and the cross-bill, thus leaving the parties in the position in which they placed themselves. A decree, from which plaintiff has appealed, was entered accordingly, the material part thereof reading as follows:

"Now therefore, upon due consideration thereof, it is ordered, adjudged and decreed and the court now here doth order, adjudge and decree that the plaintiff's bill of complaint with all amended pleadings thereto be and the same is hereby dismissed, and that the said defendant's cross bill and all amended pleadings thereto be and the same is hereby dismissed, and the court finds that it will do equity by leaving the parties where it found them."

We think it must be assumed from the provisions of the decree that the circuit judge concluded that the proofs offered by the parties were sufficient to establish that the indebtedness secured by the mortgage had been paid by the furnishing of board, room, and other services to plaintiff by defendant, but that no proper basis was established on which an indebtedness to defendant by plaintiff, over and above the amount of the note with interest, could be determined. The record before us supports the conclusions indicated, and we are in accord therewith.

It does not appear that there was any agreement, express or implied, by virtue of which plaintiff was to be paid for any tasks that he performed about the home of the defendant. It does appear, however, that the parties discussed the matter of compensation to defendant for board and room furnished by her to plaintiff, and for other services rendered, which services it appears were necessary because of plaintiff's ill health. There is testimony also indicating that the parties discussed the matter of remarrying. Plaintiff had instituted a foreclosure

suit prior to bringing the present proceeding and had discontinued it, the parties apparently reconciling certain differences that had arisen between them. Without discussing in detail the claims and conflicting testimony of the parties and their witnesses,.we conclude that the trial judge was right in denying a foreclosure of the mortgage and also in declining to grant to defendant and cross-plaintiff the right to recover any specific amount over and above the indebtedness secured by the mortgage.

Attention is directed by counsel for defendant to the failure of the trial judge to provide affirmatively in the decree entered by him that the mortgage indebtedness had been paid in full and that the mortgage should be canceled and discharged. On behalf of plaintiff it is urged that defendant and cross-plaintiff is not entitled to such relief because it was not specifically sought by her cross-bill. As before noted, she denied in her answer plaintiff's allegations that the mortgage indebtedness had not been paid, and it is apparent that the case was heard in the trial court primarily on such issue. The proceeding should be disposed of accordingly, thus obviating possible further litigation.

A decree will enter in this Court modifying the decree from which the appeal has been taken by specifically declaring that the debt secured by plaintiff's mortgage has been fully paid and extinguished, and that said mortgage shall be canceled and discharged. Such decree will further provide that defendant and cross-plaintiff is not entitled to recover against plaintiff and cross-defendant in an amount over and above the mortgage indebtedness decreed extinguished by allowance to that extent of her claim. The decree will further provide that either party may cause it to be recorded in the office of the register of deeds of the county in which the mortgaged property is located. Unless counsel can stipulate as

to the substance and form of the decree to be entered here, either party may prepare a proposed decree and notice it for settlement. No costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.